NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINALD REEVES,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br><br>    Defendant. | Civil Action No.: 2:15-cv-7974 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on the motion of Defendant Commissioner of Social Security ("Defendant") to dismiss the Complaint of Plaintiff Reginald Reeves ("Plaintiff") for lack of subject matter jurisdiction pursuant to Section 205(g) of the Social Security Act, 42 U.S.C § 405(g). ECF No. 9. Plaintiff has not opposed the motion. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is granted.

**II.    BACKROUND**

On November 29, 2007, Plaintiff filed for supplemental security income, alleging disability as of that date. ECF No. 9 at 1. On June 16, 2009, Plaintiff's application was granted. *Id.* On February 25, 2014, it was determined that Plaintiff was no longer disabled as of January 1, 2014. *Id.* After Plaintiff requested reconsideration of this determination, a Disability Hearing Officer issued a decision on October 25, 2015 finding Plaintiff was not disabled. *Id.* Plaintiff was sent a Notice of Reconsideration which informed Plaintiff that if he disagreed with the decision, he had

1

the right to ask for a hearing before an Administrative Law Judge ("ALJ"). *Id.* There is no indication that Plaintiff requested a hearing before an ALJ or attempted to appeal the decision of the Disability Hearing Officer. *See* Declaration of Kathie Hartt, ECF No 9-1 at 3.

Plaintiff filed the instant complaint on November 9, 2015. ECF No. 1. On March 31, 2016, Defendant filed the instant motion to dismiss. ECF No. 9. Plaintiff has not opposed this motion.

## III. LEGAL STANDARD

This Court has jurisdiction to review claims arising under the Social Security Act, only to the extent provided in Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h). Section 405(h) states:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Section 405(g) provides, in relevant part:

> Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). *See also Casey v. Comm'r of Soc. Sec.*, No. 13-5657(NLH), 2015 U.S. Dist. LEXIS 141502, at *2-4 (D.N.J. Oct. 16, 2015).

## IV. DISCUSSION

Here, Defendant alleges that because Plaintiff has not exhausted his administrative remedies, this Court is without jurisdiction to hear Plaintiff's complaint pursuant to 42 U.S.C. 405(g). The Court agrees. As Plaintiff never sought a hearing before an ALJ or an Appeals Council review of the February 25, 2014 decision, Plaintiff never exhausted his administrative remedies or obtained a judicially reviewable "final decision after a hearing." 20 C.F.R. §§

2

404.900(a)(5), 416.1400(a)(5). Because Plaintiff did not exhaust the administrative process after this decision, any claims pertaining to that decision must be dismissed for lack of jurisdiction. *Perez v. Comm'r of Soc. Sec.*, Civil Action No. 2:14-cv-5551 (CCC), 2016 U.S. Dist. LEXIS 82954, at *13 (D.N.J. June 27, 2016).

V.  **CONCLUSION**

For the reasons set forth above,

**IT IS** on this __1__ day of __May__, 2017,

**ORDERED** that Defendant's motion to dismiss (ECF No. 9) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED**; it is further

**ORDERED** that the Clerk of the Court shall close this matter.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**